**FILED**
**September 19, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 20-0716** (BOR Appeal No. 2055221)
                     (Claim No. 2012027687)

**DUSTIN HARSHEY,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Counsel Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Dustin Harshey, by Counsel Linda Garrett, filed a timely response.

The issue on appeal is permanent total disability. In a decision dated July 5, 2019, the claims administrator denied the application for permanent total disability benefits as untimely filed. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its March 2, 2020, Order and remanded the claim with instructions to find that the claim was timely filed and to proceed with consideration of the case. The Order was affirmed by the Board of Review on August 21, 2020.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> . . . .

> (e) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions

1

of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Harshey was injured on January 20, 2012, when he was struck by a ram car. On March 7, 2014, he was granted a 14% permanent partial disability award for his psychiatric injuries. On November 10, 2015, the claims administrator granted a 39% permanent partial disability award for his physical injuries. The Office of Judges reversed the claims administrator's November 10, 2015, decision and granted a 49% permanent partial disability award on November 15, 2017. On June 29, 2018, the Board of Review affirmed the Office of Judges' Order. The decision was affirmed by this Court on May 30, 2019. *Murray American Energy, Inc., v. Harshey,* No. 18-0676, 2019 WL 2406702 (W. Va. May 30, 2019) (memorandum decision).

Mr. Harshey completed an Application for Permanent Total Disability Benefits on June 18, 2019, stating that he had been awarded a 49% and a 14% permanent partial disability award for his January 20, 2012, injury. The claims administrator denied the application for a permanent total disability award because it was untimely filed on July 5, 2019.

In its March 2, 2020, Order, the Office of Judges reversed the claims administrator's denial of the claim and remanded the case with instructions to find Mr. Harshey's application to be timely filed. The Office of Judges began by noting that West Virginia Code § 23-4-16(a)(1) provides that "in any claim that has been closed without the entry of an order regarding the degree of impairment, or in any claim closed on a no lost time basis, reopening requests must be filed within 5 years of the date of the closure. Only two reopening requests may be filed within that 5 year period." Further, West Virginia Code § 23-4-16(a)(2) states "in any claim in which an award of permanent impairment has been made, reopening requests must be filed within 5 years of the date of the initial award. Only two reopening requests may be filed within that 5 year period." Mr. Harshey was granted an initial permanent partial disability award on March 7, 2014. He filed his application for a permanent total disability award on June 18, 2019, clearly outside of the five year time period. Mr. Harshey argued before the Office of Judges that his application should be considered timely based on equity and based on West Virginia Code § 23-4-16(e).

The Office of Judges found Mr. Harshey's argument regarding West Virginia Code § 23-14-16(d) to be dispositive. West Virginia Code § 23-4-16(e) states that "[a] claimant may have only one active request for a permanent disability award pending in a claim at any one time. Any new request that is made while another is pending shall be consolidated into the former request." In the case at issue, Mr. Harshey was granted a 39% permanent partial disability award on November 10, 2015, at which point he was eligible to apply for a permanent total disability award.

2

*See* W. Va. Code § 23-4-6(n)(1) (providing that in order to apply for a permanent total disability award, a claimant "must have been awarded the sum of fifty percent in prior permanent partial disability awards"). However, the decision was appealed to the Office of Judges, which reversed and granted a 49% permanent partial disability award. The employer then appealed the decision to the Board of Review and then to this Court. The Office of Judges rejected the employer's argument that Mr. Harshey's application for permanent partial total disability was untimely filed because he did not submit his application after the November 10, 2015, permanent partial disability award was granted. The Office of Judges reasoned that the November 10, 2015, 39% permanent partial disability award was a not final award because the decision was appealed and "there is no requirement which would cause the claimant to have to choose between whether he should forego his contention that he is entitled to a greater permanent partial disability award or whether an application for a permanent total disability award would be timely if the matter remains in litigation." As the Office of Judges explained, "[s]ince the issue of the permanent partial disability award was not final, if the claimant had filed an application for a PTD award . . . then the application for PTD would not have been acted upon but would have been consolidated into the 39% PPD award issue." Therefore, the Office of the Judges found that Mr. Harshey's permanent partial disability award became final on May 30, 2019, when this Court issued its ruling. Mr. Harshey filed his application for permanent total disability on June 18, 2019, and that application was received on July 5, 2019. Therefore, his application was timely and should be considered. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-16(e) prevents a claimant from filing more than one claim for permanent disability at a time, whether that claim is for permanent total disability or permanent partial disability. Mr. Harshey in this case appealed his permanent partial disability award and was granted a greater award by the Office of Judges. The employer then appealed the decision to the Board of Review and this Court. In this time, the five year window for filing a claim for permanent total disability closed. However, as the Office of Judges found, the permanent partial disability award did not become final until this Court issued its ruling on May 30, 2019. *See Murray American Energy, Inc., v. Harshey,* No. 18-0676, 2019 WL 2406702 (W. Va. May 30, 2019) (memorandum decision). Mr. Harshey filed his application for permanent total disability less than a month later. His application was timely filed.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn